IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02076-GPG-KAS

JOHN DOE,

　　　Plaintiff,

v.

COLORADO STATE UNIVERSITY,
THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY,
TONY FRANK, individually and as agent for Colorado State University,
AMY PARSONS, individually and as agent for Colorado State University,
BLANCHE HUGHES, individually and as agent for Colorado State University,
CRAIG CHESSON, individually and as agent for Colorado State University,
ARIANA MUNIZ, individually and as agent for Colorado State University,
MICHAEL KATZ, individually and as agent for Colorado State University,
ERICA EXLINE, individually and as agent for Colorado State University,
DAN SCHORR, individually and as agent for Colorado State University, and
JUSTIN SCHWENDEMAN-CURTIS, individually and as agent for Colorado State
University,

　　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

　　　This matter is before the Court on Plaintiff's **Motion for Leave to Restrict Access**

**Pursuant to D.C.COLO.LCivR 7.2** [#1] (the "Motion"). Defendants have taken no position

on the Motion [#1] and declined to file a response. *See* [#23] at 1 n.1. In short, Plaintiff

summarizes his lawsuit as being about "an innocent Colorado State University ('CSU')

student [who] was accused by CSU Office of Title IX Programs and Student Resolution

Center of sexual contact with a five-year-old child at a park during behavioral therapy

school with many classmates and teachers nearby." *Compl.* [#2], ¶ 1; *see also Am.*

*Compl.* [#22], ¶ 1. He alleges that CSU's investigation of the incident failed to provide him

due process, was biased against him as an accused male perpetrator, and resulted in the finding that he was responsible for the alleged misconduct. *Am. Compl.* [#22], ¶¶ 137-172. He alleges violations of his due process rights, violation of Title IX, breach of contract, breach of the covenant of good faith and fair dealing, and estoppel and reliance. *Id.* at ¶¶ 137-242.

In the present Motion [#1], Plaintiff asks to proceed anonymously in this lawsuit "due to the highly personal, sexually explicit, and confidential nature of the allegations" and his fear that "acts of reprisal . . . could further prevent him from proceeding with college and future endeavors and inflict additional and severe academic, financial, and/or mental harm." *Motion* [#1] at 1-2.

## A.    Legal Standard

"Lawsuits are public events." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). "Courts are public institutions which exist for the public to serve the public interest" and "secret court proceedings are anathema to a free society." *Id.* at 800. Therefore, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

The Federal Rules of Civil Procedure do not contemplate party anonymity. *M.M.*, 139 F.3d at 800. Rule 10(a) requires that a complaint "name all the parties" and under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (stating that "there is no explicit congressional grant of a right of a party to proceed anonymously"); *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411,

415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.").

Following these general principles, in this Circuit, plaintiffs are generally allowed to proceed anonymously only in "exceptional cases" that fall into one of three categories: (1) cases "involving matters of a highly sensitive and personal nature"; (2) where the plaintiff is threatened with "real danger or physical harm", or (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Regents of Univ. of Colo.*, 603 F. Supp. 3d 1014, 1018-19 (D. Colo. 2022) (quoting *M.M.*, 239 F.3d at 803).

A plaintiff claiming danger or harm must show "real, imminent personal danger"; the risk of embarrassment is insufficient. *Femedeer*, 227 F.3d at 1246. In practice, plaintiffs rarely meet this burden. *See, e.g.*, *id*. at 1246-47 (denying sex offender's request to proceed anonymously because that identity presumably had been disclosed in the underlying conviction); *M.M.*, 139 F.3d at 803 (affirming district court's refusal to allow indigent prisoner plaintiff to proceed anonymously because the plaintiff's requested relief involved the use of public funds and the public "has a valid interest in knowing how state revenues are spent"); *Coe*, 676 F.2d at 418 (affirming order refusing physician's request to proceed anonymously in federal suit to stop a professional disciplinary board from proceeding with a public hearing against him because the public's right "to know all of the facts surrounding the formal proceedings" outweighed the privacy rights); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (affirming district court's order refusing to allow civil rights plaintiff to proceed anonymously where the plaintiff

merely asserted "potential embarrassment based on vague and speculative suggestions of mental illness"); *Regents of Univ. of Colo.*, 603 F. Supp. 3d at 1021 (denying civil rights/employment discrimination plaintiff leave to proceed anonymously because "serious claims of retaliation and discrimination against a public university employer[] should be public"); *Doe v. F.B.I.*, 218 F.R.D. 256, 260 (D. Colo. 2003) (denying anonymity to state court judge in his case against the FBI for its disclosure of an investigation file showing his cooperation in a criminal investigation because his identity was already revealed by the file's disclosure and in news reports).

**B.    Application**

Here, the Court finds that "exceptional circumstances" exist in at least one respect: Plaintiff has demonstrated that "the injury litigated against would be incurred as a result of the disclosure of his identity." *Femedeer*, 227 F.3d at 1246. Plaintiff's Amended Complaint [#22] alleges that he has suffered professional and reputational harm due to CSU's allegedly biased and unfair investigation process, which led to his expulsion. *See, e.g.*, *Am. Compl.* [#22], ¶ 144 (alleging that Plaintiff's expulsion from CSU damages his academic and professional reputation; that it impairs his ability to enroll at another institution; and that the finding of responsibility has damaged Plaintiff's personal reputation). As Plaintiff argues in his Motion [#1], "this matter seeks to remedy exactly the kind [of] reputational harm that revelation of his identity would exacerbate"—that is, if he ultimately prevails, his identification will associate him with harmful and stigmatizing accusations of child sexual abuse. *Motion* [#1], ¶ 41.

The Court finds Plaintiff's cited case law persuasive. In *Doe v. Univ. of Colo., Boulder*, 255 F. Supp. 3d 1064 (D. Colo. 2017), the plaintiff had raised a similar challenge

to a university's investigation into his alleged rape of two female students. *Id.* at 1068. The district court allowed the plaintiff to proceed pseudonymously "[b]ecause this case involves accusations of sexual assault with potentially severe consequences for [the p]laintiff's reputation and future career" and, thus, "[the p]laintiff's interest in proceeding under a pseudonym outweighs the presumption of open public access to judicial proceedings." *See* Order [#25] at 3, *Doe v. Univ. of Colo., Boulder*, No. 16-cv-01789-WJM-SKC (D. Colo. Oct. 4, 2016). Similarly, in *Doe v. University of Denver*, 1 F.4th 822 (10th Cir. 2021), the plaintiff challenged another university's investigation into his alleged sexual assault of a female classmate. *Id.* at 824. There too, the district court had permitted the plaintiff to proceed pseudonymously, albeit with minimal explanation. *See* Minute Order [#7], *Doe v. Univ. of Denver*, No. 17-cv-01962-PAB-MDB (D. Colo. Aug. 22, 2017) ("[The Complaint] shall remain restricted at Level 1 and [the p]laintiff may proceed under the pseudonym John Doe.").

Therefore, the Court finds that this case presents the unusual circumstance where Plaintiff's interest in proceeding under a pseudonym outweighs the public interest in open access to judicial proceedings. In particular, he has shown that the very reputational harm he is litigating against would be incurred if he is identified in connection with this lawsuit (and the underlying allegations). *Cf. Femedeer*, 227 F.3d at 1246. Moreover, Plaintiff's Complaint [#2] and Amended Complaint [#22] remain unrestricted, so the public still has access to information about the accusations against Plaintiff and CSU's investigation proceedings, which are at the core of Plaintiff's claims.[1] Therefore, the Motion [#1] is **granted**.

---

[1] The Court notes Plaintiff's token request (in his Conclusion) for "a Level 1 Restriction on all filings pertaining to this case, including the Complaint and Summons." *Motion* [#1] at 11. However,

**C.       Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#1] is **GRANTED**. Plaintiff may proceed

in this matter under the pseudonym "John Doe".


Dated: December 10, 2024                              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

in the body of his Motion [#1], Plaintiff did not argue for or substantiate the reason for restriction of any filings in this case. On the contrary, he asserted that "[t]he public's knowledge will only be minimally restricted" if he proceeds pseudonymously, "as they still know what is alleged to have occurred that resulted in the charges of sexual misconduct and how Defendant investigat[ed] and adjudicated those charges." *See id.*, ¶ 42. Therefore, the Court construes the Motion [#1] as seeking only to proceed pseudonymously. It will not, at this time, order restriction of any filings.