IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2076-GPG-KAS

JOHN DOE,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY, THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY, and
TONY FRANK, individually and as agent for Colorado State University;
AMY PARSONS, individually and as agent for Colorado State University;
BLANCHE HUGHES, individually and as agent for Colorado State University;
CRAIG CHESSON, individually and as agent for Colorado State University;
ARIAÑA MUÑIZ, individually and as agent for Colorado State University;
MICHAEL KATZ, individually and as agent for Colorado State University;
ERICA EXLINE, individually and as agent for Colorado State University;
DAN SCHORR, individually and as agent for Colorado State University;
JUSTIN SCHWENDEMAN-CURTIS, individually and as agent for Colorado State University,

    Defendants.

## MOTION TO STAY DISCOVERY

Defendants, Colorado State University, The Board of Governors of the Colorado State University, and Tony Frank, Amy Parsons, Blanche Hughes, Craig Chesson, Ariaña Muñiz, Michael Katz, Erica Exline, Dan Schorr, and Justin Schwendeman-Curtis, in their official and individual capacities (collectively "CSU Defendants"), through undersigned counsel, hereby submit this Motion to Stay Discovery. In support, Defendants state as follows:

1.     Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Doe's counsel about this motion and Doe takes no position as to the requested relief.

2.	Plaintiff Doe, a former student at the Colorado State University (CSU), filed his original Complaint [ECF 2] on July 30, 2024.

3.	Doe's claims arise out of disciplinary proceedings initiated against him in June 2022 for violations of CSU's sexual misconduct policy. He asserts multiple claims against Defendants, including violation of due process provisions of the United States Constitution (Count I); violation of due process provisions of the Colorado Constitution (Count II); 42 U.S.C. § 1983 violation of due process provisions of the United States Constitution (Count III); violation of Title IX (Count IV); breach of contract (Count V); breach of covenant of good faith and fair dealing (Count VI); estoppel and reliance (Count VII). Except for the Title IX claim (Count IV), which is brought against CSU only, all claims are brought against the nine (9) individual Defendants in their individual *and* official capacities.

4.	Upon conferring with undersigned counsel about a proposed motion to dismiss the Complaint [ECF 2], Doe's counsel filed his First Amended Complaint [ECF 22] on November 8, 2024. The claims in Doe's First Amended Complaint [ECF 22] are identical to those contained in his original Complaint [ECF 2], except the Title IX claim is now Count IV and the breach of contract claim is now Count V.

5.	Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint [ECF 32] on December 6, 2024.

6.	A Scheduling Conference is set for January 21, 2025.  ECF 29.

7.	This Court should vacate the upcoming Scheduling Conference and otherwise stay the proceedings, including discovery and initial disclosures, as required by Fed. R. Civ. P. 26(a)(1), pending resolution of Defendants' Motion to Dismiss.

2

8. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Fed. R. Civ. P. 26(c) allows this Court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Although stays of discovery are generally disfavored, "the decision whether to stay discovery rests firmly within the sound discretion of the court." *Colo. Spgs. Fellowship Church v. Williams*, No. 19-cv-02024-WJM-KMT, 2020 WL 6487420, at *1 (D. Colo. Nov. 3, 2020) (citing *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)).

9. This Court considers five factors in ruling on a motion to stay discovery: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)). All five factors militate in favor of granting a stay in this matter.

10. The first factor, the plaintiff's interest in expediting the action and the potential prejudice to plaintiff of a delay, weighs in favor of a stay because Doe will not suffer any prejudice—in fact, he takes no position on the request for relief set forth herein. *See Colo. Spgs.*

3

*Fellowship Church*, 2020 WL 6487420, at *2 (first factor favored a stay where plaintiff did not oppose requested relief); *Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (same). Moreover, the claims arise out of student misconduct proceedings initiated by CSU against Doe. The year-long investigation into Doe's conduct resulted in a 55-page investigation report, plus numerous supporting documents, which Doe received. ECF 22, ¶¶ 14-15. A hearing was conducted at which Doe was present. *Id.* at ¶¶ 18-23. Doe was provided with a copy of the hearing officer's findings. *Id.* at ¶¶ 28-33. Doe appealed and received a copy of the appeal denial. *Id.* at ¶¶ 34-35. Doe attached these documents to his Complaint as exhibits. *See* ECF 2.2 through ECF 2.29. The parties, therefore, would not be prejudiced by any delay because most, if not all, of the relevant materials within the custody of Defendants, have already been provided to Doe.

11. The second factor, burden on the defendants, weighs in favor of a stay because Defendants have raised qualified immunity defenses. Qualified immunity is "'*immunity from suit* rather than a mere defense to liability.'" *Serna v. Colo. Dept. of Corrections*, 455 F.3d 1146, 1150 (10th Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001)) (emphasis in original). "[D]iscovery generally should be avoided once qualified immunity is raised," except in limited circumstances. *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015). In such circumstances, "the plaintiff bears the burden of demonstrating 'how [such] discovery will raise a genuine fact issue as to the defendants' qualified immunity claim.'" *Id.* (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).

12. Here, in light of Defendants' qualified immunity defense, the burden on Defendants in moving forward with discovery would be substantial. *See Elec. Payment Sys.*,

4

2015 WL 3940615, at *2; *Martin*, 626 F.3d at 740. Doe cannot sufficiently demonstrate that discovery is warranted despite this burden—again, Doe does not take a position on this request for relief. Moreover, as set forth above in Paragraph No. 10 of the First Amended Complaint [ECF 22], Defendant CSU has already produced a substantial volume of relevant written materials generated by the underlying investigation and disciplinary proceedings.

13. Finally, although Doe requested prospective relief in addition to money damages, [*see* Doc. 7, p. 46-47], he does not differentiate between such relief in his claims, [*see id.*, ¶¶ 262-290; 308-316]. Thus, Plaintiff's "claims for . . . injunctive relief . . . would result in discovery of the same information that would be relevant to [her] claims for monetary damages, which potentially would be subject to qualified immunity." *Colo. Spgs. Fellowship Church*, 2020 WL 6487420, at *2. "[S]uch a scenario would be inappropriate," so the second factor weighs in favor of staying discovery. *Id.*; *see also Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015).

14. The third factor, court convenience, weighs in favor of staying discovery because "it is certainly more convenient for the court to enter a stay until it is clear which of [p]laintiff's claims, if any, will move forward." *Colo. Spgs. Fellowship Church*, 2020 WL 6487420, at *3.

15. The fourth factor, the interests of persons not parties to the litigation, also favors Defendants. The First Amended Complaint [ECF 22] identifies numerous potential witnesses who are not CSU employees or parties to this case, a list which may not be exhaustive as discovery develops. It is further anticipated that other administrative officials and faculty members may be required to devote substantial time and resources to complying with discovery obligations. Accordingly, the fourth factor weighs in favor of a stay.

16. Lastly, the fifth factor, public interest, weighs in favor of a stay. "[T]he general public's primary interest in" a matter is "an efficient and just resolution," so "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Colo. Spgs. Fellowship Church*, 2020 WL 6487420, at *3.

17. For these reasons, Defendants respectfully request that this Court stay any further proceedings, including discovery and the obligation to exchange Rule 26(a)(1) disclosures, until this Court rules on the Defendants' pending motions to dismiss.

Respectfully submitted this 10th day of January 2025.

PHILIP J. WEISER
Attorney General

/s/ *R. Warren Beck*

WARREN BECK*
Assistant Attorney General
AMY COLONY *
Senior Assistant Attorney General
1300 Broadway, 6th Floor
Denver, Colorado 80203
(720) 508-6143
(720) 508-6615
warren.beck@coag.gov
amy.colony@coag.gov

*Counsel of Record
   *Attorneys for Defendants*