IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02076-GPG-KAS

JOHN DOE,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY,
THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY,
TONY FRANK, individually and as agent for Colorado State University,
AMY PARSONS, individually and as agent for Colorado State University,
BLANCHE HUGHES, individually and as agent for Colorado State University,
CRAIG CHESSON, individually and as agent for Colorado State University,
ARIANA MUNIZ, individually and as agent for Colorado State University,
MICHAEL KATZ, individually and as agent for Colorado State University,
ERICA EXLINE, individually and as agent for Colorado State University,
DAN SCHORR, individually and as agent for Colorado State University, and
JUSTIN SCHWENDEMAN-CURTIS, individually and as agent for Colorado State University,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Motion to Stay Discovery** [#37] (the "Motion"). Defendants ask the Court to stay all discovery and vacate the Scheduling Conference currently set for January 21, 2025, pending a ruling on their Motion to Dismiss [#32]. *Motion* [#37] at 2. Plaintiff takes no position on the requested relief. *Id.* at 1.

    Although the stay of proceedings in a case is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). In exercising its discretion, the Court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants by proceeding with discovery; (3) the convenience to the court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Regarding the first *String Cheese Incident* factor, the Court acknowledges that Plaintiff has a general interest in expeditious litigation. *See, e.g.*, *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). However, Plaintiff here takes no position on the requested stay. Accordingly, the Court finds this factor weighs neither in favor of nor against a stay.

Regarding the second *String Cheese Incident* factor, Defendants have filed a Motion to Dismiss [#32], which is not yet fully briefed, in which they argue that all Plaintiff's claims should be dismissed and that Plaintiff's claims are barred, in part, by subject matter jurisdiction and by qualified immunity. *Motion to Dismiss* [#32] at 7-8, 15-18. Defendants would undoubtedly be prejudiced if they were forced to engage in discovery if their motion to dismiss is ultimately granted. *String Cheese Incident*, 2006 WL 894955, at *2. A stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, and this is even more true when the preliminary motion raises issues of jurisdiction and immunity. *See Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *2-*3 (D. Colo. Feb. 18, 2021) (jurisdiction); *Casias v. City of Pueblo*, No. 20-cv-02545-WJM-KMT, 2021 WL 11449170, at *1 (D. Colo. Mar. 10, 2021) (qualified immunity). "[T]he burden on state defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts." *Strom*, 2021 WL 5561724, at *3. Accordingly, the Court finds this factor weighs strongly in favor of a stay.

The third *String Cheese Incident* factor, convenience to the Court, also weighs in favor of a stay. The Court recognizes that it is "inconvenienced by an *ill-advised stay* because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable." *McGinn v. El Paso County, Colorado*, 640 F. Supp. 3d. 1070, 1076 (D. Colo. Nov. 14, 2022) (quoting *Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010)) (emphasis added). However, "every motion to stay comes with different considerations[.]" *Id.* Where "the pending motion to dismiss may result in the resolution of this case in its entirety, . . . a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019). The Court finds this to be particularly true where issues of subject matter jurisdiction have been raised, thereby implicating the Court's ability to adjudicate all or parts of a lawsuit. Here, the Court finds that the parties' requested stay would be convenient to the Court and would promote judicial efficiency.

Regarding the fourth *String Cheese Incident* factor, there are no identified nonparties with *significant* particularized interests in this case, although Defendants note that there appear to be "numerous potential witnesses" beyond the parties themselves who "may be required to devote substantial time and resources to complying with discovery" if discovery were permitted to proceed. *Motion* [#37], ¶ 15. Accordingly, the fourth *String Cheese Incident* factor weighs slightly in favor of staying discovery.

Regarding the fifth and final *String Cheese Incident* factor, "there is a general public interest in the speedy resolution of legal disputes" but "there is also a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)). "Given the possibility that this case may be resolved with a ruling on the pending motion to dismiss, in whole or in part, this factor weighs in favor of a stay." *Id.*

Having balanced all five factors, the Court finds that a stay of discovery pending the resolution of Defendant's Motion to Dismiss [#32] is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 21, 2025, at 9:30 a.m., is **VACATED**. The Scheduling Conference will be reset upon resolution of Defendant's Motion to Dismiss [#32], if one is necessary at that time.

Dated: January 14, 2025