IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-02076-GPG-KAS

JOHN DOE,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY, THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY, and TONY FRANK, individually and as agent for Colorado State University;
AMY PARSONS, individually and as agent for Colorado State University;
BLANCHE HUGHES, individually and as agent for Colorado State University;
CRAIG CHESSON, individually and as agent for Colorado State University;
ARIAÑA MUÑIZ, individually and as agent for Colorado State University;
MICHAEL KATZ, individually and as agent for Colorado State University;
ERICA EXLINE, individually and as agent for Colorado State University;
DAN SCHORR, individually and as agent for Colorado State University;
JUSTIN SCHWENDE-CURTIS, individually and as agent for Colorado State University,

    Defendants.

## ORDER

    Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [ECF22] (D. 32). The Court DENIES the motion as MOOT and *sua sponte* affords Plaintiff one final opportunity to amend his complaint in accordance with the instructions herein. Appropriately addressing this action is an important matter which deserves, and will receive, serious deliberation. However, Plaintiff's current First Amended Complaint distracts from that consideration due to its length, inclusion of obviously inappropriate Defendants, inclusion of untenable causes of action, and general disorganization. The Court will not and should not take on, in the first instance, the

1

duty of parsing through Plaintiff's morass of a case to arrive at what is possibly one or more viable claims—that duty is squarely on Plaintiff. However, with this Order, the Court attempts to provide cogent guidance for Plaintiff's next (and last) amended complaint.

## I. FACTS

Plaintiff (Doe) was expelled from Colorado State University (CSU) after being found responsible for sexual misconduct during the performance of his role at a children's behavioral therapy school (¶ 36).[1] Doe was a full-time student at CSU until his expulsion on August 11, 2023 (¶ 41). Doe worked as a Registered Behavior Technician at Wild Sun Behavioral Services from March 25, 2022 until May 25, 2022 (¶ 74). On June 11, 2022, the mother of a five-year old child (Child), sometimes referred to by Doe as the Complainant, reported to the Erie Police Department that Doe had sexually assaulted the Child (¶ 74).

On June 13, 2022, CSU began a Title IX investigation of Doe (¶ 4). On July 20, 2022, CSU provided Doe with notice of the investigation and placed a work restriction on him vis-à-vis vulnerable populations and informed him that a formal investigation would be conducted (¶ 5). The Erie Police Department, in combination with the Weld County Colorado District Attorney's Office, determined not to file criminal charges against Doe (¶ 6). On May 30, 2023, CSU informed Doe that the Title IX matter was referred to the Student Resolution Center and set for hearing on

---

[1] Unless otherwise noted, this Court draws the operative facts from Plaintiff's First Amended Complaint (D. 22), and, for the sake of brevity, will refer only to the applicable ¶ number. The Court reviews the attachments to Plaintiff's Complaint (D. 2-1 thru 2-29) without converting the motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) ("However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."); *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 654 (10th Cir. 2002) ("As a general rule, a 12(b)(1) motion may not be converted into a Rule 56 motion for summary judgment" unless the challenge goes to the legitimacy of the plaintiff's claim for relief.). While Plaintiff does not reattach the same to his First Amended Complaint (D. 22), the documents are referred to throughout.

June 7, 2023 (¶ 14).  Doe requested additional time to prepare for the hearing and received some, but not all of the time requested, as the hearing was reset for June 29, 2023 (¶¶ 17, 18).  Doe's expert needed until late July to review and provide an opinion (¶ 17).  On July 13, 2023, the Hearing Officer determined Doe was responsible for sexual assault and abuse (¶ 28).  Doe appealed and submitted new evidence, but the appeal was denied (¶ 35).

## II.  LEGAL STANDARD

### A.  Rule 8

Federal Rule of Civil Procedure Rule 8(a) requires the complaint to contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  The purpose of the allegations in the complaint is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief."  *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  Where a complaint violates Rule 8, a district court may in its discretion dismiss the case without prejudice under Federal Rule of Civil Procedure 41(b).  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161-62 (10th Cir. 2007) ("[A] district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").

### B. Rule 12(b)(1)

Because federal courts are courts of limited jurisdiction, a court, sua sponte, or a party may challenge subject matter jurisdiction at any stage of the proceedings. *See Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). Under Rule 12(b)(1), a party may seek dismissal for lack of subject matter jurisdiction in two forms: (1) facial attack or (2) factual challenge. For the first, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When reviewing a facial attack, courts accept a complaint's allegations in the complaint as true. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (citation omitted). For the second, a party may go beyond the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Nudell*, 363 F.3d at 1074 (citation omitted). When reviewing a factual challenge, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Pueblo of Jemez*, 790 F.3d at 1148 n.4. In this instance, the party invoking jurisdiction bears the burden of establishing subject matter jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### C. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law.  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).  A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth.  *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

Doe's fifty-six page Amended Complaint (D. 22) asserts seven separate counts against more than ten Defendants as follows:[2], [3]

---

[2] Doe's significantly over-verbose shotgun approach to pleading does him no favors as it potentially masks one or more viable claims behind a myriad of untenable claims and Defendants.  Far more helpful to the case and the Court would be a measured approach of determining which claims might truly be legally viable prior to pleading—which will necessarily include substantial editing.

[3] For organizational purposes, the Court will address some of the failings and issues related to each claim within the section devoted to that claim.  The Court does not intend to opine on all matters raised in CSU's motion to dismiss—particularly those touching on sufficiency and qualified immunity.  Once Plaintiff has significantly trimmed his

      I.      Declaratory Judgement - Violation of Due Process Provisions of the United States Constitution (against all Defendants)

CSU asserts that Doe's request for declaratory relief against all individual Defendants is duplicative of his § 1983 claim in Count III (D. 32 at 7 n. 4). While Doe pushes back on this point, arguing that the counts are distinct because Count I has to do with the "polices [being] unfair and unjust," and perplexingly arguing that "under the Colorado Constitution, there is a private right of action" (D. 36 at 18 n. 11), Plaintiff's position is unavailing. "Claims alleging violations of the Fourteenth Amendment must be brought pursuant to 42 U.S.C. § 1983; the Amendment itself does not provide a direct cause of action." *Doe v. University of Colorado, Boulder*, 255 F.Supp.3d at 1080.

      II.      Declaratory Judgement – Violation of Due Process Provisions of the Constitution of the State of Colorado (against all Defendants);

While the Court is not making any determination as to this claim at this time, Defendants' position that the requested relief is essentially duplicative of Claim III is well taken (D. 32 at 7 n. 4). However, the Court is cognizant that there are some theories which could support viability of a state law claim while simultaneously dooming a federal law claim. As current inclusion of this claim, against a SINGLE Defendant, *see below*, adds little additional briefing to this action, the claim will be addressed more substantively later. While *Ex Parte Young* does not technically apply to this claim, the claim should

---

complaint in scope, facts, numbers of defendants, and brings only realistically cognizable claims, this Court will be able to address the issues in a much more cogent and wieldy fashion. The Court refers Plaintiff to *Doe v. University of Colorado, Boulder*, 16-cv-1789-WJM-KLM, 255 F.Supp.3d 1064, 1080-81 (D. Colo. May 26, 2017), wherein that Court noted that it "[could not] imagine why counsel for Plaintiff failed to do anything about this defect" that was brought to Counsel's attention and that counsel was warned that "a future lack of cooperation on easily correctable issues [] may be grounds for sanctions." That is apropos.

6

nevertheless be asserted only against a single defendant as per the individual capacity portion of Claim III.

      III.    42 U.S.C. § 1983—Violation of Due Process Provisions of the United States Constitution (against all Defendants (supposedly so named "out of an abundance of caution (D. 22 at 38 .n 3)))

**A. Official Capacity**

Defendants assert that Plaintiff's § 1983 claim against CSU and the Board is barred by the Eleventh Amendment (D. 32 at 7). And it is. Well settled law states that "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). The University of Colorado is an "arm of the state" of Colorado, *Harrison v. Univ. of Colo. Health Scis. Ctr.*, 337 Fed.Appx. 750, 753 (10th Cir. 2009), and therefore is entitled to sovereign immunity, as preserved by the Eleventh Amendment. The bulk of what Plaintiff seeks in this claim must proceed under a direct Title IX claim as that is where the State has waived immunity. *See Franks v. Ky. Sch. for the Deaf*, 142 F.3d 360, 363 (6th Cir. 1998) ("Congress successfully abrogated the states' Eleventh Amendment immunity from Title IX lawsuits"). Thus, Plaintiff's non–Title IX claims against the University for monetary damages and retrospective declaratory relief are barred by the Eleventh Amendment.

However, to the extent Doe seeks prospective declaratory relief by way of expungement or alteration of his disciplinary record/transcript, a § 1983 claim can be an appropriate method of proceeding under what is termed the *Ex Parte Young* exception. 209 U.S. 123 (1908). *See Johnson v. Western State Colorado University*, 71 F.Supp.3d 1217, 1230, 13-cv-2747-WJM-KMT (D.Colo. Oct. 24, 2014). But a basic tenant of the exception is that suit be brought against an official charged

7

with enforcement. The Court, without addressing the issue in depth, is unimpressed with the course of proceedings on this point. The Parties needed to have sufficiently conferred in advance, identified such individual, and then stuck to the choice—absent departure of the individual from the relevant employment position which could easily be remedied by substitution. Put bluntly, a whole group of individuals was unnecessarily brought into this suit for *Ex Parte Young* purposes when one person was enough. The individual has now been identified and appears to be the only appropriate defendant for this claim.

### B.  Individual Capacity

For a § 1983 claim against a defendant in their individual capacity, it is incumbent upon the plaintiff to allege, in a non-conclusory fashion, individual participation. Group pleading is an unsatisfactory mechanism for sufficiently alleging such a claim and fails to comply with Rule 8 or the duality of *Iqbal* and *Twombly*. Other than noting that the Court finds Doe's pleading fails to currently meet those standards as to some if not many of the individual Defendants, the Court currently declines to wade into this morass. Plaintiff should carefully consider which individual Defendants should or need to remain in this suit and plead accordingly. A shotgun approach, lacking in sufficient factual matter fails to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. *See also Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (dismissing § 1983 claim because complaint failed to isolate allegedly unconstitutional acts of each defendant). Defendants urge this Court to review this claim in light of qualified immunity

(D. 32 at 15). While such review needs to occur, it would be premature prior to Plaintiff having one final opportunity to set forth individualized facts supporting his individual capacity claim.

    IV.    Violation of Title IX of the Education Amendments of 1972 (against CSU);

Review of the sufficiency of this claim necessarily involves an analysis of whether Plaintiff has adequately supported his theory that gender was a motivating factor in the decision to impose discipline. The Court has concerns, which could possibly be remedied by amendment, as to the sufficiency of Doe's repeated "[u]pon information and belief" manner of pleading (*see, e.g.*, D. 22 at 47 ¶ 208). *See Doe v. University of Colorado, Boulder*, 255 F.Supp.3d at 1076-77 ("For similar reasons, the Court disagrees with cases that accept allegations of gender bias purely "on information and belief," with no explanation of the information leading to that belief."). The Court will further analyze this issue after attempted amendment.

    V.    Remainder of the Claims

The Court will cumulatively address the breach of contract, breach of covenant of good faith and fair dealing, and estoppel and reliance claims. It strikes the Court that attempting to assert each of these claims "against all Defendants" is an absurd overreach. To the extent that any of these claims has viability, and the Court seriously questions that proposition—particularly in light of the Colorado Governmental Immunity Act—it is almost unfathomable to try and discern

for example, how each of the individual Defendants entered into a contract with Doe. With no contact, there can be no breach and thus no viable claim.

The Court will say little more as to each of these claims except to encourage Plaintiff to limit his pleading to viable claims which truly need to be plead to reach a resolution of this matter and to not muddy up the waters with claims that do not belong.

## IV. CONCLUSION

Accordingly, it is Ordered that Plaintiff is granted leave to amend his complaint to comply with Rule 8, and

Defendants' Motion to Dismiss (D. 32) is denied as moot.

It is Further Ordered that Plaintiff SHALL file any Second Amended Complaint within thirty (30) days of this Order.

DATED July 24, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge